**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DARION FREDERICK,                        )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )      Civil Action No. 1:26-cv-00373 (UNA)
                                         )
MONTGOMERY COUNTY                        )
POLICE DEPT., et al.,                    )
                                         )
                                         )
            Defendants.                  )

**<u>MEMORANDUM OPINION</u>**

This matter is currently before the Court on consideration of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and his Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. Upon review, the Court grants Plaintiff's IFP Application, and for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff, a resident of Maryland, sues the Montgomery County Police Department, the city of Silver Spring, MD, the District of Columbia, and the "DMV area." *See* Compl. at 1–2. He does not provide addresses for any of the Defendants, in contravention of D.C. Local Rule 5.1(c)(1); *see Armstrong v. Bureau of Prisons*, 976 F. Supp. 17, 23 (D.D.C. 1997) ("there is no provision in the federal statutes or federal rules of civil procedure for the use of fictitious defendants."), *aff'd*, No. 97-5208, 1998 WL 65543 (D.C. Cir. Jan. 30, 1998) (per curiam).

The allegations themselves fare no better. Plaintiff broadly and vaguely contends that Defendants violated his right to "freedom???," *see* Compl. at 3, and that he "was stabbed and almost died. PD was racist after. Also experienced racist and fascist bigotry that was uncalled for in the DMV area," *id*. at 4. He demands $1 trillion in damages. *See id*. No other information, context, or supporting details, are provided.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987), and here, the Complaint and its addendums fail to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a pleading to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The instant Complaint does not provide the Defendants or the Court with adequate notice of a claim. As here, "the court need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nor must the court accept "a legal conclusion couched as a factual allegation," or "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to state a claim. *Id.*

Accordingly, this case is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

DATE: May 15, 2026                         /s/ CHRISTOPHER R. COOPER
                                            United States District Judge